### DULUTH THEATRE CORPORATION et al.
### v. PARAMOUNT PICTURES, Inc., et al.

#### Civ. No. 2335.

District Court, D. Minnesota,
Fourth Division.

Feb. 17, 1947.

Larson, Loevinger & Lindquist, of Minneapolis, Minn., for plaintiffs.

Joseph W. Finley, of St. Paul, Minn., and David Shearer, of Minneapolis, Minn., for defendants.

NORDBYE, District Judge.

Defendants' motion, among other things, seeks an order striking out from Paragraph 22 of the complaint the following: "all as more specifically described and set forth and held to be in violation of the Anti-trust Laws in the case of United States v. Paramount Pictures, Inc., Equity No. 87-273, in the United States District Court for the Southern District of New York, in the decision rendered June 11, 1946, and reported in 66 F.Supp. 323. Said case is a proceeding instituted by the United States to prevent and restrain certain violations of the Anti-trust Laws and has been pending at all times since July 20, 1938."

Obviously, this portion of Paragraph 22 of the complaint is wholly immaterial. No rights under the Clayton Act, 38 Stat. 730, can be based on a mere decision in an anti-trust suit which is not the final judgment therein. Twin Ports Oil Co. v. Pure Oil Co., D.C., 26 F.Supp. 366. The New York decision could not be received in evidence and it should not be pleaded. Defendants should not be required to answer to an averment in a complaint which cannot be determinative of

any issue between the parties. If the judgment in the New York court becomes final within the meaning of the Clayton Act, and if plaintiffs seek to rely thereon as evidence at the time of trial, they may ask leave to amend their complaint accordingly.

The Court understands that the other relief asked for in defendants' motion has been abandoned.

■ It follows, therefore, that the portion of Paragraph 22 of plaintiffs' complaint quoted above should be stricken. It is so ordered. Defendants are to answer or otherwise plead to plaintiffs' complaint within 30 days after the filing of this order. An exception is allowed to the plaintiffs.